**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

AMANDA HIGH, *individually and for others similarly situated,*
            Plaintiff

      v.

HELIA HEALTHCARE SERVICES, LLC,
            Defendant

No. 25 CV 13716

Judge Jeremy C. Daniel

## ORDER

The defendant's motion to dismiss [15] is denied. The defendant shall answer the complaint on or before April 3, 2026. Scheduling conference set for April 23, 2026, at 3:00 p.m. The scheduling conference will be held via WebEx. The parties shall confer pursuant to Fed. R. Civ. P. 26(f) on or before April 2, 2026. The parties shall file their Rule 26(f)(2) report on or before April 16, 2026. The parties' report should also address the deadline to join other parties and to amend the pleadings. Each party shall make its Rule 16(a)(1) initial disclosures on or before April 16, 2026.

## STATEMENT

This case is before the Court on Defendant Helia Healthcare Services, LLC's ("Helia") motion to dismiss Plaintiff Amanda High's putative class action complaint. (R. 15.) The facts discussed herein are drawn from the complaint, (R. 1), and are accepted as true for the purpose of resolving Helia's motion. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Helia operates skilled nursing facilities in Illinois and Missouri. (R. 1 ¶ 33.)[1] Helia employed High as an hourly employee from October 2022 until March 2025. (*Id.* ¶¶ 2, 17.) High claims that while she and others regularly worked over forty hours weekly, Helia automatically deducted thirty minutes per day from their recorded hours. (*Id.* ¶¶ 6, 45–46.) But High did not take thirty-minute breaks, nor did she get paid for them. (*Id.* ¶¶ 46–49.) High also claims that Helia did not pay proper overtime rates, and that bonuses to hourly employees did not include their regular rates of pay for overtime purposes. (*Id.* ¶¶ 76–80.) On behalf of herself and those similarly situated, High brings claims against Helia for violations of the Fair Labor Standards

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

Act, 29 U.S.C. §§ 201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*

Helia moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6), 12(b)(7), and 12(c). (R. 15.) In its two-page motion, Helia did not explain why it is entitled to dismissal of the claims against it. Instead, it simply asserted that Helia never employed High, did not deduct thirty minutes per day from paychecks, and that High failed to name a necessary party. (R. 15 ¶¶ 3–6.) Helia also attached one of High's purported pay stubs, an email from Helia's counsel to High's counsel, and a memo on the company's timekeeping policy for lunch breaks. (R. 15 at 4–7.)

Generally, a court may not consider extrinsic evidence attached to a motion to dismiss[2] without converting the motion into one for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). An exception exists for documents referred to in the complaint and central to its claims. *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). The documents Helia attached are not mentioned in High's complaint, so the Court will not consider them. To the extent that Helia is requesting the Court to convert its motion into one for summary judgment, the Court exercises its discretion and denies the request. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).

Motions under Rules 12(b)(6) and 12(c) are governed by the same standard. *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). The Court accepts the complaint's well-pled allegations as true, and dismissal is improper if the plaintiff states a claim to relief that is facially plausible. *Iqbal*, 556 U.S. at 678. So, too, for motions under Rule 12(b)(7). *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). Helia asserts that it neither employed High nor engaged in the conduct alleged in the complaint. (R. 15; R. 23.) But the veracity of the plaintiff's allegations is not at issue at the pleading stage. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The allegations discussed above provide sufficient facts to state a plausible claim to relief, and Helia has not contested the sufficiency of High's allegations. Further, dismissal for failure to join a party under Rule 12(b)(7) requires Helia to establish that certain requirements under Rule 19 have been satisfied. *Davis Cos.*, 268 F.3d at 481. Helia has made no effort to argue as much, and dismissal on this ground "is not the preferred outcome under the Rules." *Askew v. Sheriff of Cook Cnty.*, 568 F.3d 632, 634 (7th Cir. 2009). Therefore, Helia's motion to dismiss under Rules 12(b)(6), 12(b)(7), and 12(c) is denied.

 Date: March 13, 2026

_____
JEREMY C. DANIEL
United States District Judge

---

[2] While a court may consider extrinsic evidence in evaluating a Rule 12(b)(7) motion, *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 480 n.4 (7th Cir. 2001), Helia's Rule 12(b)(7) motion nevertheless fails for the reasons explained in this order.